LYONS, Justice
(concurring specially).
I concur fully in the main opinion. I write specially to make some observations about the prospect for further proceedings after severance invoking Rule 42(a), Ala. R. Civ. P., leading to an order of consolidation. The availability of consolidated trials under Rule 42(a) after a finding of misjoin-der under Rule 20 is well settled. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 n. 14 (2d ed.1995). On remand, the trial court will be guided solely by Rule 42(a), not Rule 20(b), in determining the extent to which some number of trials less than 73 might be appropriate in this case.
Should the trial court grant relief pursuant to Rule 42(a), whether the same parties will be back before us on another petition for a writ of mandamus may well depend upon the manner in which the trial court deals with consolidation. In the proceedings that led to the present petitions, the trial court, as best I can determine, announced that there would be four trials consisting of four tracks of defendants. The trial court then sought the assistance of two special masters, placing them in what appears to be a procrustean bed of four trials. The special masters’ report and any bases therein for selecting the parties for the four trials was not made available to the parties. The trial court entered an order based upon the report in which it created four tracks of defendants without identifying its rationale for clustering various defendants in the various tracks.
The validity of the prior order of consolidation is not before us because we have found a misjoinder of parties, necessitating our setting aside the trial court’s order. I will not speculate on the result that might have been reached had it been necessary to address the order of consolidation. Suffice it to say that, upon remand, a more transparent proceeding not so ostensibly lacking in a principled basis would better serve the ends of justice. For example, if the trial court once again seeks the input of special masters, its announcement of the number of tracks without stating any basis therefor before the masters’ participation, its failure to disclose to the parties the recommendation of the masters, and its failure to identify the reasoning upon which any clusters of defendants are created for resolution of this proceeding in any order calling for fewer than 73 trials will substantially increase the State’s burden in sustaining its protestations against this Court’s micromanagement of the trial court’s exercise of discretion should there be a subsequent mandamus proceeding challenging consolidation.
COBB, C.J., concurs.